IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY PENISTER**  **PLAINTIFF**
**ADC #092828**

V.  NO. 4:18-cv-00514-BSM-ERE

**MARK CASHION,** *et al.*  **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff Terry Penister's second motion for additional time to allow service on Defendant Darren Thomas by publication of a Warning Order. *Doc. 57*. For the reasons explained below, the motion is GRANTED in part and DENIED in part.

**I. Background**

On August 24, 2018, the Court initially ordered the U.S. Marshal to serve a copy of the Complaint and summons on Mr. Thomas through the Arkansas Division of Correction (ADC) Compliance Division. *Doc. 4*.

On September 20, 2018, service was returned undeliverable as to Mr. Thomas, presumably because he no longer worked at the ADC, and the ADC provided his last known address under seal. *Doc. 5*.

On September 25, 2018, the Court reissued service at the last known address provided under seal. *Doc. 9*.

On February 4, 2019, service was returned unexecuted with a note that the address provided was insufficient. *Doc. 13*.

On February 5, 2019, the Court gave Mr. Penister until May 5, 2019 to provide a valid service address for Mr. Thomas. *Doc. 14*.

On March 26, 2019, the Court ordered Defendants to check the accuracy of the address they provided under seal due to the note that it was insufficient. *Doc. 18*.

On April 9, 2019, Defendants provided a completed new address under seal, and on April 10, 2019, the Court ordered the U.S. Marshal to serve Mr. Thomas at this new address. *Docs. 19, 20*.

On June 6, 2019, summons was returned unexecuted. *Doc. 30*.

On June 10, 2019, the Court again ordered Mr. Penister to provide a valid service address for Mr. Thomas and gave him until August 10, 2019 to do so. *Doc. 31*.

On July 19, 2019, Mr. Penister provided an address for Mr. Thomas, and on July 29, 2019 the Court ordered service on Mr. Thomas at the address he provided. *Docs. 33, 34*.

On September 24, 2019, service was returned as "unclaimed." *Doc. 35*.

On September 25, 2019, the Court, noting the seriousness of Mr. Penister's claims and his inability to effectuate service without the assistance of counsel, appointed James Wyatt to represent Mr. Penister.[1] *Doc. 36*.

---

[1] Mr. Penister alleges that Mr. Thomas allowed an inmate to beat him with a pipe after Mr. Penister identified the individual responsible for the tobacco in his unit. *Doc. 2*.

On May 28, 2021, the Court gave Mr. Wyatt 30 days to effectuate service on Mr. Thomas or file a notice that Mr. Thomas could not be located. *Doc. 40*.

On June 25, 2021, Mr. Wyatt filed an affidavit with the Court explaining that: (1) he issued another summons on June 23, 2021; (2) he provided the address to a private process server to attempt service Mr. Thomas; and (3) the process server was unsuccessful. *Doc. 44*. According to Mr. Wyatt he has "conducted various internet searches, including Google, Facebook, and White pages Directory" and has been unsuccessful in his search. *Doc. 44*. Mr. Wyatt requested additional time and the issuance of a Warning Order to obtain service on Mr. Thomas. *Doc. 44*. The Court granted the request for additional time but denied the request to issue a Warning Order. *Doc. 51*.

On July 29, 2021, Mr. Penister filed a second motion for additional time to allow service on Mr. Thomas by publication of a Warning Order. *Doc. 57*. Mr. Wyatt provided a new address to a private process server. According the process server's affidavit, he went to the address, and eventually someone answered the door. However, that person did not know Mr. Thomas and said that Mr. Thomas did not live there. *Doc. 58* (Affidavit, sealed).[2] Thus, Mr. Thomas does not reside at the

---

[2] Because the Affidavit contains no information that might reveal Mr. Thomas's current address, the Court is directing that it be unsealed.

last known address at which service was attempted. Regarding the effort made to obtain a new address, the motion states:

> [The process server] attempted use of the internet to find an alternate address or place of employment without success. There was only one listing for Darren L. Thomas inasmuch as it was the address provided at first.

*Doc. 58 at ¶ j.*

## II. Discussion

Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served by following state law where the district court is located. Arkansas law allows service by Warning Order. Ark. R. Civ. P. 4(g). Service by Warning Order may be made "on a motion without notice and after a showing by affidavit or other proof as the court may require, that despite *diligent effort*, service cannot be made by the methods authorized by this rule." Ark. R. Civ. P. 4(g).

The record indicates that service on Mr. Thomas through a private process server was attempted twice. On June 23, 2021, service failed because the address was incomplete and insufficient. *Doc. 44 at ¶¶ 7, 9*. On July 27, 2021, after the Court provided a new address, a private process server again attempted to serve Mr. Thomas. However, the person residing at the address said that Mr. Thomas did not live there, and he did not know Mr. Thomas. *Doc. 58*.

Following the latest unsuccessful attempt at service, the process server states that he "attempted to use the internet" to find a new address for Mr. Thomas.

4

However, he fails to provide any detail of what he actually did to attempt to locate Mr. Thomas using the internet. There is no way, on this record, to know how much or how little effort was made, through the internet, to find a valid address for Mr. Thomas.[3]

On the current record, the Court is unable to make the required finding of diligent inquiry to support service by Warning Order. See e.g., *Lewis v. Johnson*, 594 S.W.3d 104, 107 (Ark. 2020) ("[T]he party seeking to serve legal process using the warning-order method must provide enough detail—in the required diligent-inquiry affidavit—about the steps that were taken to locate the defendant, and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so.").

The Court realizes this may be a futile task, but the bar, under Arkansas law, for service via Warning Order, is a high one. Accordingly, the Court requires additional information before it can approve service by Warning Order.

---

[3] The Court notes that in its previous order it suggested reviewing personal property records in an effort to locate Mr. Thomas. There is no indication in the current motion that this was done. Furthermore, checking Department of Motor Vehicle records or tax documents (to the extent permitted) might be fruitful.

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff Terry Penister's Motion to Extend Time for Service and for Warning Order (*Doc. 57*) is held in abeyance.

2     Within seven (7) days, counsel for Mr. Penister must file an Addendum to his Affidavit outlining, with specificity, the steps that were taken to attempt to locate a valid address at which personal service could be attempted on Mr. Thomas.

3.     The Clerk is directed to unseal the sealed Affidavit, *Doc. 58*.

IT IS SO ORDERED this 5th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE