**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**TERRY PENISTER**                                                              **PLAINTIFF**
**ADC #092828**

**V.**                              **NO. 4:18-cv-00514-BSM-ERE**

**MARK CASHION,** *et al.*                                           **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.      Procedures for Filing Objections

This Recommendation has been sent to United States District Judge Brian S.

Miller. Any party may file written objections to all or part of this Recommendation.

Any objections filed must: (1) specifically explain the factual and/or legal basis for

your objection; and (2) be received by the Clerk of this Court within fourteen days

of the date of this Recommendation. If no objections are filed, Judge Miller may

adopt this Recommendation without independently reviewing all of the evidence in

the record. By not objecting, the parties may waive the right to appeal questions of

fact.

### II.     Background

Terry Penister, an inmate at the Wrightsville Unit of the Arkansas Division of

Correction, filed this lawsuit *pro se* under 42 U.S.C. § 1983, claiming that

Defendants Mark Cashion, James Shipman, Michael Lowe, Darren Thomas, and

Byron Brown, all correctional officers, failed to protect him from assault by another inmate. *Docs. 2, 4, 23, 24.*

The Court ordered service on each Defendant, but summonses issued to Defendant Thomas were returned unexecuted. *Docs. 5, 13, 30.* On September 25, 2019, the Court appointed James Wyatt to represent Mr. Penister and assist him in carrying out service on Mr. Thomas (*Doc 36),* and on August 16, 2021, the Court granted Mr. Penister's motion to serve Mr. Thomas by warning order (*Doc. 62*).  On September 9, 2021, Mr. Penister filed notice of service by publication on Defendant Thomas. *Doc. 64.*

Subsequently, Defendants Cashion, Shipman, Lowe, and Brown moved for summary judgment (*Doc. 65*), but Defendant Thomas did not join the motion. [1] On January 24, 2022, the Court recommended that Judge Miller: (1) grant the motion for summary judgment and dismiss with prejudice claims against Defendants Cashion, Shipman, Lowe, and Brown based on sovereign[2] and qualified immunity; and (2) dismiss without prejudice claims against Defendant Thomas for failure to effect service. *Doc. 74.*

---

[1] The Court previously dismissed Mr. Penister's claims against Defendant Lewis Young based on his failure to fully exhaust his administrative remedies. *Doc. 60.*

[2] Mr. Penister sued each Defendant in his individual and official capacities, seeking money damages.  Mr. Penister's official-capacity claims as to each Defendant, including Mr. Thomas, are barred under the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-70 (1989); *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (holding that a civil litigant cannot recover money damages from state actors sued in their official capacities).

Mr. Penister filed objections asserting, among other things, that service on Defendant Thomas had been accomplished by warning order, and a default judgment should be entered against him. *Doc. 75*.

On February 9, 2022, Judge Miller adopted, in part, the January 24, 2022 Recommendation. *Doc. 76*. Judge Miller dismissed Mr. Penister's claims against Defendants Cashion, Shipman, Lowe, and Brown, with prejudice, based on the reasoning provided in the Recommendation. However, considering Mr. Penister's assertion that he had accomplished service on Defendant Thomas, Judge Miller remanded the case for an additional recommendation.[3] For reasons that follow, the Court recommends that his claims against Mr. Thomas be dismissed with prejudice.

## III.    Discussion

As a threshold matter, Mr. Penister's argument that the Court should enter default judgment against Defendant Thomas has no merit. Mr. Penister has not applied for a Clerk's entry of default or for a default judgment as required under Rule 55 of the Federal Rules of Civil Procedure.[4]  However, even if he were to do so, at this point, his claim against Mr. Thomas should be resolved on the merits.

---

[3] The Court initially and inadvertently overlooked the fact that Mr. Penister filed notice that he published the warning order issued to Defendant Thomas in accordance with Arkansas Rule of Civil Procedures 4(f). *Doc. 64*.

[4] Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd*., 796 F.Supp.2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting

There is a strong judicial preference for adjudication on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (citation omitted).  In addition, "[w]hen co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow v. De La Vega,* 82 U.S. 552, 554 (1872)). "This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering defendants in the same action." *Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2008 WL 222514, at *1 (E.D. Mo. Jan. 25, 2008) (citing *Angelo Iafrate Constr.,*  370 F.3d at 722)). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Angelo Iafrate Constr.,* 370 F.3d at 722.

The undisputed facts, viewed in a light most favorable to Mr. Penister, are as follows. On October 13, 2016, at approximately 5:05 p.m., Defendant Thomas permitted inmate Brian Houston to enter 9 barracks of the Wrightsville Unit, where Mr. Penister was housed. *Doc. 67, ¶¶ 4-7; Doc. 65-1 at 9-10*. As a member of the

---

the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id*. Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id*.

floor crew, inmate Houston entered every barracks of the Wrightsville Unit to perform his assigned duties. *Doc. 65-1 at 10.* Mr. Penister was watching television with his back to the barracks' entrance, and he did not see inmate Houston enter. *Id. at 9*. At approximately 5:10 p.m., inmate Houston struck Mr. Penister twice on the head, from behind, with a pipe. *Id. at 9, 19.*  Mr. Penister was unaware, until after the second blow, that inmate Houston was present in 9 barracks. *Id. at 9*.

In deposition, Mr. Penister acknowledged that the assault took him by surprise.  Prior to the assault: (1) he had no reason to know that inmate Houston would attack him; (2)  he did not feel threatened; (3) he had alerted no one that he feared an inmate attack; and (4) and inmate Houston did not appear on his enemy alert list. *Doc. 65-1 at 9-11*.

The Eighth Amendment includes a right to protection from physical attack by other inmates, but "not . . . every injury suffered by one prisoner at the hands of another . . translates into constitutional liability for prison officials . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994).  Instead, a prison official violates that Eighth Amendment when he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir.1998) (citing *Farmer,* 511 U.S. at 834, 114 S. Ct. 1970 (1994)). In cases involving inmate-on-inmate attacks, the deliberate indifference standard requires that prison officials

"take reasonable measures to abate substantial risks of serious harm, *of which the officials are aware.*" *Blades,* 302 F.3d at 803 (quoting *Reece,* 60 F.3d at 491) (emphasis added). Accordingly, the Eighth Circuit has repeatedly recognized that qualified immunity shields prison officials from an Eighth Amendment failure-to-protect claim that arises from a surprise attack by another inmate. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010); *Tucker v. Evans*, 276 F.3d 999, 1001-02 (8th Cir. 2002); *Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000); *Jackson v. Everett,* 140 F.3d 1149, 1151 (8th Cir. 1998); *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).

The summary judgment record in this case supplies no evidence that any Defendant had reason to know that Mr. Penister was the target of potential inmate violence, or an assault at the hands of inmate Houston. Instead, the record demonstrates that Mr. Penister was the unfortunate victim of a surprise attack that even he did not anticipate. Accordingly, the Court entered judgment in favor of Defendants who appeared and moved for summary judgment.

"Parties are not similarly situated and a default judgment does not establish inconsistent judgments . . . if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed." *Angelo Iafrate Constr.,* 370 F.3d at 722. That is not the case here. First, Mr. Penister does not contend that Defendant Thomas witnessed

inmate Houston assault him and failed to intervene.  Second, Mr. Penister initially

alleged that Defendant Thomas failed to search inmate Houston before he entered 9

barracks as required by ADC protocol,[5] which Mr. Penister assumed would have

uncovered the pipe and prevented the attack. *Doc. 65-1 at 11*. But in deposition, Mr.

Penister acknowledged that he did not see inmate Houston enter the barracks, and

he conceded that Houston could have acquired the pipe after Defendant Thomas let

him in. *Doc. 65-1 at 11*.

Mr. Penister's claim against Defendant Thomas, like his claims against

Defendants Cashion, Shipman, Lowe, and Brown, rests on the theory that Defendant

Thomas failed to protect him from a surprise attack.  Defendants' motion for

summary judgment gave Mr. Penister notice that they asserted qualified immunity

based on a surprise attack, and he had ample opportunity to address that argument

and present countervailing evidence. Accordingly, the Court should enter summary

judgment *sua sponte* in favor of Mr. Thomas. *Global Petromarine v. G.T. Sales &*

*Mfg., Inc.,* 577 F.3d 839, 844 (8th Cir.2009) ("[A] determination of summary judge

*sua sponte* in favor of the prevailing party is appropriate so long as the losing party

has notice and an opportunity to respond.").

---

[5] Absent an independent constitutional violation, a correctional officer's failure to follow prison policy or protocol is not actionable under § 1983. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)

## IV.     Conclusion

IT IS THEREFORE RECOMMENDED that Mr. Penister's remaining failure-to-protect claim against Defendant Thomas be DISMISSED, with prejudice, and that the case be closed.

DATED this 11th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE